Verona **MARUS** and Frances Ann **Marus**,
Suing by her Mother and Next Friend,
Verona Marus, Appellants,

v.

**UNITED STATES STEEL CORPORATION**
et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1966.

Rehearing Denied June 3, 1966.

C. W. Napier, Jr., Hazard, for appellants.

William A. Rice, Harlan, Robert Matthews, Atty. Gen., Frankfort, for appellees.

DAVIS, Commissioner.

The appellants, Verona Marus and Frances Ann Marus, are the surviving widow and only child, respectively, of Frank Marus. As such dependants, they sought benefits alleged to be due them under the provisions of the Workmen's Compensation Act. KRS, Chapter 342. The Workmen's Compensation Board denied appellants' claim and the action of the Board was affirmed in the circuit court. Hence, this appeal. The nature of the claim at bar is novel, and requires recitation of the factual background before stating the question at hand.

Frank Marus worked in coal mines of United States Steel Corporation (and its predecessor) for many years, until physical disability forced his cessation of work on September 14, 1960. Extreme shortness of breath was the most significant manifestation of the disability of Marus at that time. After a doctor had diagnosed his condition as silicosis Marus filed a claim for compensation, asserting total permanent disability. KRS 342.316.

That compensation proceeding terminated September 4, 1963, in a finding and holding by the Board that Marus did not suffer from silicosis. Accordingly, the claim was dismissed and compensation was denied. No appeal was taken from that order of the Board.

It is to be noted that in the proceedings for compensation by Marus two doctors testified that Marus was disabled by reason of silicosis and three held a contrary view. Upon that showing, the Board ordered independent examination of Marus by a physician selected by the Board—Dr. Oscar O. Miller. Dr. Miller examined Marus and made a detailed report; he also gave his deposition in the original proceeding. It was the opinion of Dr. Miller that Marus was disabled as a miner, from emphysema, but that he did not have silicosis, and that the emphysema was not attributable to his occupation as a coal miner. The Board, in its Opinion and Order dismissing the claim, accepted the views of Dr. Miller and the other three doctors, using this language:

> "Drs. Miller, Cornish, Gernert and Quillin state plaintiff is not disabled as a result of any occupational disease or silicosis. The firmness of defendant's doctors plus their predominately superior qualifications cause us to follow the opinion of defendant's doctors."

Marus was never able to resume working. He died on February 7, 1964. An autopsy protocol attributes the cause of death to "Coronary thrombosis, right, acute." Contributory cause of death is shown as "Arteriosclerotic heart disease." In a "Summary of (gross and microscopic) Diagnoses," the autopsy protocol lists eight factors in numerical order, as follows:

1. Coronary thrombosis, right, acute.

2. Arteriosclerotic heart disease severe.

3. Cardiomegaly with hypertrophy and myocardial fibrosis, posterior wall, and septum, left ventricle.

4. Nodular pneumoconiosis, minimal.

5. Hepato-splenomegaly, due to chronic passive congestion.

6. Perisplenitis, chronic with adhesions.

7. Cholelithiasis.

8. Arteriolonephrosclerosis, benign.

For appellants, Dr. Dwight M. Kuhns, who participated in the autopsy, gave evidence, in pertinent part as follows:

> "A. I think—I believe I just stated an (sic) answer to the question before, that I felt that the heart failure could have been partially the result of the silicosis.
>
> Q. Is that your opinion that it was, doctor?
>
> A. That is my opinion."

Dr. Kuhns explained that a slowing of the bloodstream heightened the tendency for formation of thrombi, and that pneumoconiosis and emphysema cause such slowing of the bloodstream, together with a hypertrophy of the heart. Cross-examination of Dr. Kuhns included the following question and answer:

> "Q. As far as you can tell from the autopsy findings, it is well within the realm of probability that this man would have died from coronary thrombosis brought on by arteriosclerotic heart disease, even if he did not have pneumoconiosis, isn't it?
>
> A. That is correct."

■ Medical testimony presented for appellee flatly asserted that the death of Frank Marus was not related to any occupational disease. The Board chose to be persuaded by the evidence for appellee. We think there is no doubt that the finding of the Board in this respect is abundantly supported by substantial evidence. It is fundamental that the court will not disturb the Board's finding in such state of case 19 Ky.Digest, Workmen's Compensation, ☜1939.

Appellants present the unique contention that KRS 342.316(5) affords entitlement for compensation, since it is shown that Marus had made timely claim (albeit denied) for compensation, and had remained totally disabled until his death, which occurred within ten years from the date of the disability. The statute relied on is as follows:

"342.316(5) The amount of compensation payable for disability due to occupational disease or for death from such disease, and the time and manner of its payment, shall be the same as provided for accidental injury or death under the general provisions of the Workmen's Compensation Act, but in no event to exceed such amounts as were in effect at the time of the last injurious exposure, and, provided further, that the time of the beginning of compensation payments shall be the date of the employe's last injurious exposure to the cause of the disease, or the date of actual disability, whichever is later, and provided further, that in case of death where the employe has been awarded compensation or made timely claim within the period provided for in this section, an employe has suffered continuous disability to the date of his death occurring at any time within ten years from the date of disability, his dependents, if any, shall be awarded compensation for his death as provided for under the general provisions of the Workmen's Compensation Act and in this section."

■ We think the statute just quoted does not furnish basis for recovery in the case at bar. In the first place, the Board found that Marus did not suffer an occupational disability; no appeal was prosecuted from that finding. Secondly, bypassing the question whether any review of the original finding may be had upon the grounds here presented (KRS 342.125), there is a finding by the Board that the death of Marus did not result from an occupational disease. The finding of the Board in that respect is based on evidence of substance, as we have already noted. To allow recovery, despite the facts just mentioned, would require a holding that KRS 342.316(5) means that when death occurs within ten years after an employee has become disabled—no matter what the cause of the disability—the dependents of the employee may have benefits under the Act, provided the employee had made a timely filing for benefits—without reference to what disposition had been made of the claim. We are unable to accept the argument that the statute implies any such meaning.

The judgment is affirmed.